UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: _____

| | |
|---|---|
| **Julio Sifuentes**, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>**Oyster Bay Enterprises, Inc.**, a for profit Florida corporation, d/b/a "American Fence";<br>**Ronald J. Robledo**, individually, and;<br>**Lisa Robledo**, individually,<br><br>    Defendants. | CLASS REPRESENTATION |

## FAIR LABOR STANDARDS ACT COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Julio Sifuentes, individually, and on behalf of others similarly situated, sues Defendants, Oyster Bay Enterprises, Inc., a for profit Florida corporation d/b/a "American Fence"; Ronald Robledo, individually, and; Lisa Robledo, individually, and alleges:

### JURISDICTIONAL ALLEGATIONS

1.    This lawsuit seeks to recover money damages and liquidated damages arising from unpaid wages and liquidated damages due, and retaliation brought under the laws of the United States of America and under Florida common law and statutes, including §448, Florida Statutes. This Court enjoys jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., §§201-219 ("FLSA"), §448, Florida Statutes, and § 24, Art. X of the Florida Constitution.

2.    Plaintiff Julio Sifuentes worked as a warehouseman and laborer for Defendant Oyster Bay Enterprises, Inc. (hereafter "Oyster Bay" or "American Fence") which does

business under the fictitious name "American Fence". Mr. Sifuentes was employed there from approximately 2005 through approximately March or April of 2020.

3. Mr. Sifuentes, together with any other person who may hereafter consent to join in this lawsuit, is and are "employees" within the meaning of 29 U.S.C. §203(e).

4. Defendant "Oyster Bay", is a Florida corporation and a "person" and "employer" within the meaning of 29 U.S.C. §203 (a) and (d). Defendant "Oyster Bay", individually and as a group – together and with others through which it operates – are an "Employer" and an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s).

5. Defendant "Oyster Bay" is owned and/or controlled closely by Defendants Ronald J. Robledo ("Mr. Robledo") and Lisa Robledo ("Ms. Robledo"), who may also be referred to herein as "the Robledos". The Robledos, are also "persons" and "employers" within the meaning of 29 U.S.C. §203 (a) and (d). Defendants Blue Oyster and the Robledos, individually and together as a group are an "Employer" and – together and with others through which they operate, are an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s). Defendants may be hereinafter referred to as "Employer", individually and jointly.

6. The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida and across state lines. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

7. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s). Moreover, the

named Plaintiff, and others similarly situated, were individually engaged in commerce within the meaning of the FLSA by virtue of the nature of the work they performed.

8. Federal jurisdiction is conferred by 28 U.S.C. §§1331, 1337, 1367.

## CLASS ALLEGATIONS UNDER THE FLSA

9. The Plaintiff is similarly situated to other persons employed by the Employer during any part of the preceding three-year period commencing upon the filing of this lawsuit.

10. The named Plaintiff, and those similarly situated, work or worked for a fixed hourly rate. However, while the Employer does attempt to maintain time-keeping records to memorialize the number of hours worked by Plaintiff, and other similarly situated employees, it intentionally under-records the number of hours worked by taking unauthorized reductions from the hours-worked data, and further avoids payment of overtime wages by bifurcating the number of hours worked by Plaintiff during applicable workweeks according to arbitrary categories as though Plaintiff were two employees for purposes of the FLSA overtime requirements. This was accomplished in part by requiring that Plaintiff punch two different time cards during the same applicable workweek, so as to reduce the number of overtime hours worked on under respective timecards.

11. Plaintiff was required to work well in excess of 40 hours per week, but he was not paid at the premium rate (1.5 times regular rate of pay) for most of those hours worked in excess of forty (40) during the established workweek, and sometimes was not paid at all for those overtime hours.

12. Plaintiff was also not always paid his wages when due on the regularly scheduled payday, as required by the FLSA.

## RETALIATION ALLEGATIONS

13. Frequently during his employment with the Employers, Plaintiff Sifuentes exercised rights protected under the FLSA by complaining to Defendants that he was required to punch two separate timecards and that he was not being paid correctly for overtime hours worked. Shortly after complaining, Defendants retaliated against Plaintiff Sifuentes by, *inter alia*, reducing the number of hours he was assigned to work, forcing him to repay his employer for wages earned by him and paid to him, denying him the same benefits and privileges of employment enjoyed by other employees, denying him the same benefits and privileges of employment enjoyed by Plaintiff prior to his exercise of protected rights, falsely attempting to treat his earned PTO vacation as an abandonment of his job, and finally by terminating his employment on or about March or April 2020.

14. Plaintiff Sifuentes suffered adverse employment consequences as a result of his exercise of rights protected under the FLSA

## ATTORNEY'S FEES

15. Plaintiff has engaged the services of the undersigned attorneys and has agreed to pay reasonable attorney's fees for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

16. Plaintiff and others similarly situated are entitled to an award of prevailing party attorney's fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and other related authority. Additionally, Plaintiffs are entitled to fees and costs pursuant to Florida Statute §448.08, and other related authority.

## – COUNT I –
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
(Failure to Pay Overtime Wages)

Plaintiff, and others similarly situated, reallege ¶¶ 1-12, 15-16, as fully set forth here.

17. At all times during his employment, Plaintiff, and those similarly situated, was a protected employee required by law to be paid by the hour for work performed for the Employer and required to be paid at the rate of one-and-half times his regular hourly rate for those hours he worked in excess of forty during any given workweek.

18. Plaintiff routinely worked many overtime hours per week but most of his overtime hours worked were routinely and systematically not paid at the premium rate, and were sometimes not paid at all.

19. Other current and former similarly situated employees of the Employer, who performed similar duties for the Employer, were also not paid overtime wages as required.

20. At all times material to this action, the Employer failed to comply with 29 U.S.C. §§ 201-219; 29 C.F.R., Part 516 – Records to be Kept, and; 29 C.F.R. Part 778 – Overtime Compensation, as well as other applicable authority in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by the Employer to properly pay them at the premium rate for all hours worked in excess of forty (40) hours per workweek. Other persons who are – or who may become – Plaintiffs in this action, also provided labor as hourly-rate employees and/or former employees of the Employer. Said other persons were also subject to the payroll practices and procedures described above.

21. The Employer failed to pay overtime compensation to Plaintiff, and those similarly situated, based upon factors to include the following: (a) Plaintiff was not paid for most of the many hours he worked in excess of forty during the vast majority of his workweeks; (b) the Employer failed to maintain the types of books and records and policies necessary and required to establish the commencement of the workweek for overtime wage calculation purposes; (c) the Employer has failed to timely disburse overtime compensation during the applicable pay period when the excess hours were worked, or ever.

22. The Employer knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and remains owing Plaintiff and other similarly situated employees their overtime wages due from the commencement of their employment and, as a result, they are entitled to recover double or liquidated damages.

WHEREFORE, Plaintiff and others similarly situated request all unpaid overtime wages, liquidated damages and reasonable attorney's fees and costs from Defendants, pursuant to the Fair Labor Standards Act. In the event that Plaintiff and those similarly situated employees do not recover liquidated damages, then Plaintiff and those similarly situated seek an award of prejudgment interest for the unpaid overtime compensation and any and all other relief which this Court may deem reasonable under the circumstances.

– COUNT II –
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Retaliation by Employers)**

Plaintiff realleges ¶¶ 1-8, and 13-16, as though fully set forth herein.

23. Plaintiff exercised rights protected under the FLSA by complaining and demanding vindication of his right to be paid at the premium rate for all overtime hours worked

in every applicable workweek, and that he should not have to punch two different timecards for the hours he worked during applicable workweeks.

24. Almost immediately after exercising his protected rights under the FLSA, and as a result of such exercise, Plaintiff suffered adverse employment consequences.

25. At all times material to this action, the Employer violated 29 U.S.C. §215(a)(3) in that it retaliated against Plaintiff for asserting rights under the FLSA.

26. The Employer knew and/or showed a reckless disregard of the provisions of the FLSA concerning the prohibition against retaliation against the assertion of FLSA rights and thus is liable to compensate the Plaintiff for unpaid wages, compensatory damages, back wages, front wages, liquidated damages, punitive damages and other equitable relief.

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, demand the following: reinstatement of employment, promotion, lost wages, back pay, front pay, compensatory damages, pre-judgment interest, and punitive damages pursuant to the Fair Labor Standards Act to be proven at the time of trial and for such further relief as may be permitted by the FLSA, together with court costs and attorney's fees.

– COUNT III –
**BREACH OF AGREEMENT TO PAY WAGES**
**(Failure to Pay Agreed Wages)**

Plaintiff, realleges ¶¶ 1, 10, 15-16, as though fully set forth here.

27. At all times during his employment, the Plaintiff had agreed to work for an agreed hourly rate, including overtime premiums for extra hours.

28.  The Employer breached the agreement by, *inter alia*, requiring that Plaintiff return earned wages to his employer when he used only one time card during applicable workweeks.

29.  At the time his employment with the Employer ended, the Employer owed Plaintiff earned wages which have not been paid, or were unlawfully confiscated by the Employer.

30.  Plaintiff has fulfilled applicable conditions precedent, if any, to bringing this cause of action.

WHEREFORE, Plaintiff, and those similarly situated, demand the following: payment of all earned wages in an amount to be proven at the time of trial; accrued pre-judgment interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

## JURY DEMAND

31.  Plaintiff demands trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

Dated: May 4, 2020

By:  /s/ Anthony F. Sanchez
Anthony F. Sanchez
Florida Bar No. 789925
**Anthony F. Sanchez, P.A.**
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.:   305-665-9211
Fax:   305-328-4842
Email:  afs@laborlawfla.com

Trial Counsel