**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Case No.: 6:20-cv-00777-Orl-41EJK

**Julio Sifuentes**, individually, and on behalf of others similarly situated,

    Plaintiff,

vs.

**Oyster Bay Enterprises, Inc.**, a for profit Florida corporation d/b/a "American Fence";
**Ronald J. Robledo**, individually, and;
**Lisa Robledo**, individually,

    Defendants.

CLASS REPRESENTATION

**JOINT MOTION FOR APPROVAL OF THE PARTIES' FLSA WAGE SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, Julio Sifuentes, and Defendants, Oyster Bay Enterprises, Inc. d/b/a American Fence; Ronald J. Robledo, and; Lisa Robledo (hereinafter "the Parties"), file this Joint Motion for Approval of the Parties' FLSA Wage Settlement Agreement and Dismissal with Prejudice and respectfully state as follows:

1. This is an action filed primarily for relief under the Fair Labor Standards Act ("FLSA"), in which Plaintiff seeks recovery for unpaid and late paid overtime wages allegedly due and owing to him, together with corresponding liquidated damages.

2. The lawsuit also alleges violation of the FLSA's anti-retaliation provisions, and breach of an agreement to pay negotiated wages under common law theory.

3. Defendants deny Plaintiff's allegations and dispute the validity of his claims, but the parties agree that the Plaintiff's claims and specifically the FLSA overtime wage claim represents a bona fide dispute regarding his rights under the overtime provisions of the FLSA.

4. The parties have agreed to settlement of all claims between the parties.

5. Because the Plaintiff's lawsuit includes a claim for unpaid overtime wages under §207 of the Fair Labor Standards Act, the settlement is subject to judicial scrutiny to determine whether the settlement represents a fair compromise of the FLSA unpaid wage claims. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982). This is because "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute in and thwart the legislative policies it was designed to effectuate." *Lynn's Food Stores,* 679 F.2d at 1352, quoting *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740, 101 S.Ct. 1437 (1981). Thus, when litigants propose a compromise of FLSA wage claims, they must present their proposed "compromise to the district court, which 'may enter a stipulated judgment after scrutinizing the settlement for fairness.'" *Dees v. Hydradry, Inc.*, 706 F.Supp 2d 1227 1235 (M.D. Fla. 2010) quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

6. In this case, the Parties negotiated a resolution of this case over a period of weeks, during which time the Parties exchanged relevant documentary evidence, including pay and time records, which were not filed, and voluntarily exchanged additional data relative to claims and defenses and potential amendment of the pleadings in accordance with Rule 26 and the timetable established by the Court's "Scheduling Order" [DE 13] entered July 10, 2020.

7. Throughout the entirety of the resolution process, the parties were represented by respective counsel with experience in this area of law throughout this process.

8. The amounts and terms of the FLSA wage settlement are set forth in the Settlement Agreement and Release of FLSA Wage Claims attached hereto as **Exhibit** "**1**". Importantly, under the terms of the agreement, the Plaintiff receives all (100%) of his FLSA overtime wage claim, plus an additional amount equal to the corresponding statutory liquidated damages. As such, the Plaintiff receives the full measure of relief provided under the FLSA.

9. In addition to the amounts paid on account of the Plaintiff's alleged unpaid overtime wages, and liquidated damages, the Defendants have also paid all of the Plaintiff's requested attorney's fees and costs associated with this lawsuit, which are mandatory under the FLSA. 29 U.S.C. §216(b). Under the FLSA a reasonable attorney's fee award is mandatory. 29 U.S.C. §216(b); "Section 216(b) of Title 29 states that the court '*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987)(emphasis in original). As such, the Plaintiff's recovery is total and is not adversely affected by the amount paid by Defendants on account of Plaintiff's attorney's fees and costs. Scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees is not required where the plaintiff's attorneys' fee are agreed upon separately and without regard to the amount paid to the plaintiff, unless there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. See *Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012).

10. The FLSA Wage Settlement Agreement between the parties and attached hereto represents a fair and reasonable resolution to a bona fide dispute between the parties.

11. Accordingly, the parties jointly request that the Court enter an Order approving the FLSA Wage Settlement Agreement and dismissing this case with prejudice, with the Court retaining jurisdiction to enforce the terms of the FLSA Wage Settlement Agreement. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).

Dated: October 8, 2020

Respectfully submitted,

By: */s/ Anthony F. Sanchez*
Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
Email: afs@laborlawfla.com
Email: faz@laborlawfla.com
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel:   305-665-9211
Fax:   305-328-4842

*Counsel for Plaintiff*

By: */s/ Amanda A. Simpson*
Amanda A. Simpson, Esq.
Florida Bar No.: 0072817
Email: Amanda.simpson@jacksonlewis.com
Emily C. Ayvazian, Esq.
Florida Bar No.: 1005563
Email: emily.ayvazian@jacksonlewis.com
JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Tel:   407-246-8440
Fax:   407-246-8441

*Counsel for Defendants*

4847-4777-0316, v. 1