UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JULIO SIFUENTES,** *individually, and on behalf of others similarly situated*,

**Plaintiff,**

v.                                                                                   Case No:   6:20-cv-777-Orl-41EJK

**OYSTER BAY ENTERPRISES, INC., RONALD J. ROBLEDO and LISA ROBLEDO,**

**Defendants.**
_____/

**ORDER**

This cause comes before the Court on the Joint Motion for Approval of Settlement and for Dismissal with Prejudice (the "Motion") (Doc. 20), filed October 8, 2020. Upon consideration, the Motion is due to be denied without prejudice.

**I.   BACKGROUND**

Plaintiff, Julio Sifuentes,[1] initiated this case against Defendants, Oyster Bay Enterprises, Inc., Ronald J. Robledo, and Lisa Robledo (collectively the "Defendants"), alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219, unpaid minimum wage, unpaid overtime, and anti-retaliation provisions, and breach of an agreement to play negotiated wages under a Florida common law breach of contract theory. (Doc. 1; Doc. 20 at 1.) Plaintiff alleges that he worked as a warehouseman and laborer for Defendant Oyster Bay Enterprises, Inc. d/b/a American Fence (hereafter "Oyster Bay") from approximately 2005 through March or April of

---

[1] Though Plaintiff characterized this action as a collective/class action, at no point did Plaintiff move for class certification, nor did any opt-in plaintiffs voluntarily join in on this action.

2020. (Doc. 1, ¶ 2). Plaintiff alleges that, although he worked for a fixed hourly rate, the Defendants failed to maintain time-keeping records that memorialized the number of hours he worked, they intentionally under-recorded the number of hours he worked, and they avoided payment of overtime wages by bifurcating the number of hours he worked during applicable workweeks. (*Id.* at ¶10). Plaintiff alleges the Defendants accomplished this by requiring him to utilize two different timecards during the same applicable workweek, so as to reduce the number of overtime hours worked on the respective timecards, which resulted in his working in excess of 40 hours per week without being paid overtime pay (or in some cases, at all). (*Id.* at ¶¶ 10-11.)

On July 9, 2019 Defendants answered, disputing liability for Plaintiff's claims and asserting affirmative defenses. (Doc. 2.)

The parties inform the Court that, after exchanging relevant documentary evidence, including pay and time records, as well as additional data relevant to the claims and defenses, and to avoid the risk and expense of further litigation, Plaintiff and Defendants have negotiated a global settlement of all claims in this case by entering into a joint settlement agreement (the "Agreement"). (Doc. 20 at 2.)  On October 8, 2020, the parties filed the instant motion for approval of the Agreement (*Id.*) and a complete but unexecuted Agreement (Doc. 20-1).

## II.    STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their

unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States ex. rel. U.S. Dep't of Labor*, 679 F.2d 1350,1354–55. If a settlement is not supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow

>        the district court to approve the settlement in order to promote the
>        policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[2]

### III. DISCUSSION

There are a number of issues that prevent the Court from finding the Agreement a fair resolution of Plaintiff's claims. The Court addresses each in turn.

#### A. Amendment Provision

The Agreement contains a provision that grants the parties leave to amend the Agreement (the "Amendment Provision"). It provides that "[t]his Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement." (Doc. 20-1, ¶ 9.) Aside from the observation that where there are multiple defendants,

---

[2] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981 are binding on the Eleventh Circuit).

such as this case, there are more than two "parties" to the agreement, approval of a settlement agreement with such an amendment provision leaves "the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement." *Dumas v. 1 ABLE REALTY, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 5020134, at *3 (M.D. Fla. Mar. 9, 2018). As such, I cannot recommend approval of an agreement that is not in its "final form, with [] opportunity for amendment." *Id.*

### B. Unaddressed Claims

A review of the Complaint indicates that Plaintiff asserted three claims against Defendant—one for violation of the FLSA's overtime wage provision, a second for violations of 29 U.S.C. §215(a)(3) in that Defendant retaliated against Plaintiff for asserting rights under the FLSA, and a third for "Breach of Agreement to Pay Wages" (Doc. 1 at 5-7), described as a "common law" claim. (Doc. 20 at 1). The parties represent in their Motion that they have "agreed to settlement of all the claims between the parties." (*Id.* at 2.) While it is clear from the Motion that the Plaintiff is to be paid 100% of his wage claims and his attorney's fees, and that his attorney's fees were agreed to separately and without regard to the money paid for his wage claims, it is silent as to how the remaining retaliation and common law claims are resolved.

Upon resubmission, the parties should address both the common law and FLSA retaliation claims, discuss whether the Plaintiff will or will not receive additional consideration for their release, and provide legal authority for why their release does not require Court approval.

### C. The Settlement Agreement is Unsigned

A Court should not and need not approve an unsigned Settlement Agreement. *Walker v. Home at Last of Brevard, Inc.*, No. 6:07-cv-492-Orl-28DAB, 2007 WL 2698535, at *2 (M.D. Fla. Sept. 12, 2007). Here, the Agreement as filed is unsigned by the parties. Therefore, the Motion is denied on this basis as well.

Accordingly, it is hereby **ORDERED** that the Motion (Doc. 20) is **DENIED WITHOUT PREJUDICE**. The parties may file a renewed motion for approval of a settlement agreement along with a fully executed copy of the settlement agreement **on or before February 3, 2021**.

**DONE** and **ORDERED** in Orlando, Florida on January 20, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties